**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALBERT VERRECCHIA** | : | |
| | : | |
| **v.** | : | **C.A.: 06-496S** |
| | : | |
| **JAMES WEEDEN, ET AL** | : | |

**STATE OF RHODE ISLAND'S OBJECTION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

Now comes the State of Rhode Island and hereby objects to Petitioner's Petition For Writ Of Habeas Corpus. In support of its objection, the State relies upon the attached Memorandum Of Law.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**Virginia M. McGinn, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August, 2006, I hereby certify that on the 5th day of December, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

S. Paul Ryan, spryan@eplaw.necoxmail.com and
Cheryl J. Sturm, sturmcj@aol.com.

/s/ Virginia M. McGinn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALBERT VERRECCHIA** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A.: 06-496S** |
| | **:** | |
| **JAMES WEEDEN, ET AL** | **:** | |

**STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

**Facts and Travel**

Petitioner, Albert Verrecchia, was charged along with forty-three other defendants on July 24, 1996 (Ind. No. P1/96-2465 A-RR). Those indicted, most of whom pled guilty, were part of the Golden Nugget Group, a Criminal enterprise responsible for, among other criminal activities, numerous burglaries and robberies. Following a jury trial in Providence County Superior Court (Clifton, J., presiding), Verrecchia was found guilty of 29 of the 69 counts in the indictment. He appealed that verdict, and in a February 2001 decision, the Rhode Island Supreme Court affirmed in part and reversed in part. It found no basis for his claim that he was denied his right to a speedy trial or that he was entitled to an entrapment jury instruction, which are now the subject of the instant habeas petition, but remanded the case for determination of a suppression issue after reversing the trial justice's decision regarding Verrecchia's standing to press the matter. *See* State v. Verrecchia, 766 A.2d 377 (R.I. 2001). Following remand, the Rhode Island Supreme Court affirmed the conviction outright. *See* State v.

Verrecchia, 880 A.2d 89 (R.I. 2005)[1]. The petitioner has now filed this habeas petition challenging the Rhode Island Supreme Court's decision regarding the speedy trial and entrapment instruction issues.

**Standard**

The Anti-terrorism and Effective Death Penalty Act ("AEDPA") significantly limited the scope of federal habeas review by precluding the granting of habeas relief to a state prisoner, unless the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254 (d)(1). A state court decision is "contrary to" federal law if the state court applies a different or contradictory legal principle or decides the case differently on materially indistinguishable facts. *See* Williams v. Taylor, 529 U.S. 362, 405 (2000). And a decision is "unreasonable" if the state court identified the correct legal principle, but unreasonably applied the facts of a particular case. *See* Bell v. Cone, 535 U.S. 685, 694 (2002). In order for this Court to grant habeas relief, the state court decision must be objectively unreasonable and not merely incorrect. *See* McCambridge v. Hall, 303 F.2d 24, 36 (1st Cir. 2002)(some increment of incorrectness beyond error is required to make the state court decision unreasonable). Additionally, determinations of factual issues by the state court are presumed correct and defendant has the burden of rebutting this presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254 (e)(1).

[1] Pursuant to Rule 5(c) of the Rules governing §2254 cases, the transcript of Petitioner's 1999 trial can be requested and copied by the State if directed by this Court.

## Discussion

1. Speedy Trial.

Verrecchia claims that the state court erred in denying his requests for a speedy trial. He states that he was not responsible for the delay and that he was prejudiced by it. In addressing this assertion, the Rhode Island Supreme Court properly applied the four-part test that the United States Supreme Court adopted in Barker v. Wingo, 407 U.S. 514, 530 (1972)(length of the delay; reason for the delay; assertion of the right; and prejudice caused by the delay). The state court applied the correct legal test to defendant's claim.

In analyzing the facts of this case against the Barker standard, the state court found, as the state had conceded, that the length of the delay, whether it be calculated as the 29 months from the indictment to the trial or several months longer based upon the arrest date, was "presumptively prejudicial" necessitating further analysis. State v. Verrecchia, 766 A.2d at 385. Also, because Verrecchia filed three motions for a speedy trial, it is also undisputed that he asserted his right to a speedy trial and satisfied the third Barker factor. State v. Verrecchia, 766 A.2d at 385, note 9.

However, the state high court agreed with the trial justice that Verrecchia was responsible for almost all, if not all of the delay, either through his own actions or those of his seven attorneys. *Id*. The state court analyzed the reason for the delay as follows:

> Barker requires us to balance the relative culpability of the parties who caused the delay. Here, the record supports the trial justice's finding that Verrecchia "through his own acts, of his own volition, [had] taken steps-numerous steps which [had] impeded the ability

> of this matter to proceed to trial." During the twenty-nine months between his arraignment and trial, seven successive attorneys represented Verrecchia, and each new lawyer that Verrecchia engaged to represent him required time to review the case and to prepare for trial. Although the state moved for and obtained several continuances, it was not primarily responsible for causing the long delays in the case, most of which were attributable to Verrecchia's churning through the various attorneys who represented him. Therefore, we agree with the trial justice that Verrecchia himself was largely responsible for the delay in his trial.

State v. Verrecchia, 766 A.2d at 385 (citations omitted).

In addition to finding that Verrecchia was almost wholly responsible for the length of the delay, the state court found that "there was no specific showing in the record of any demonstrable prejudice." State v. Verrecchia, 766 A.2d at 385. In response to defendant's claim that the incarceration caused severe anxiety and mental strain, the court stated that anxiety and strain alone were insufficient to satisfy the fourth Barker prong and, moreover, that Verrecchia's incarceration was not due solely to the new state charges, since he was "being held concurrently on a probation violation and on federal criminal charges." *Id.* It seems unlikely that his anxiety and strain would have been diminished if his incarceration was attributed merely to the probation violation and federal charges, as opposed to the probation violation, the federal charges and the state charges. Furthermore, in response to petitioner's contention that important alibi witnesses had died or suffered memory loss, the state court pointed out that,

> he has failed to identify them during the pretrial discovery phase of this case and he has never provided anything other than idle speculation in support of his contention that they would have been key witnesses at his trial. Thus, like the trial justice, we are unconvinced that these unnamed alibi witnesses were ever critical to Verrecchia's case.

State v. Verrecchia, 766 A.2d at 385-86.

The Rhode Island Supreme Court thoroughly and rationally reviewed defendant's speedy trial claim. They acknowledged that the delay was presumptively prejudicial in satisfaction of the first prong and that Verrecchia had raised his right to a speedy trial, pursuant to the third prong. However, this only fulfilled two of the four Barker prongs. The state court certainly did not act unreasonably in finding that Verrecchia, himself, caused almost the whole delay by repeatedly rejecting attorney after attorney during the pretrial phase of this rather complicated case. *See* Rashad v. Walsh, 300 F.3d 27, 45-46 (1st Cir. 2002)(delay of 68 months, with 42 months of the delay attributable to the state and 26 months attributable to petitioner, was *not* sufficient to support petitioner's speedy trial claim since he was responsible for a "sizable portion of the delay").

Nor did the state court act unreasonably in rejecting defendant's claim that he was prejudiced by anxiety and strain when he was already being held on a probation violation and federal charges anyway. Finally, the fact that defendant did not even identify his supposed alibi witnesses during the pretrial discovery phase of the case certainly undercuts his claim that they were key witnesses for his defense and the state court was not unreasonable in remaining "unconvinced" by this "idle speculation". State v. Verrecchia, 766 A.2d at 385-86. Verrecchia's unsubstantiated and conclusory statements regarding the state of the record in this habeas do nothing toward sustaining his burden of rebutting the presumption of correctness by clear and convincing evidence.

2. Entrapment Instruction.

Verrecchia also claims that he was entitled to an entrapment instruction and that the trial justice and Rhode Island Supreme Court erred in concluding that he was not entitled to such a jury instruction. Initially, it should be noted that based upon the United States Supreme Court's decisions in Hampton v. United States, 425 U.S. 484 (1976) ***and*** United States v. Russell, 411 U.S. 423 (1973), a number of courts have determined that the denial of an entrapment defense, even when it is applicable as a matter of state law, is not cognizable in habeas petitions because such claims are not of constitutional magnitude. ***See*** Vega v. Suthers, 195 F.3d 573, 583-84 (10th Cir. 1999). However, even if a review on the merits is warranted, the state court cited the proper law and applied it reasonably to the facts of this case.

In reviewing this claim, the state court referred to Mathews v. United States, 485 U.S. 58, 63 (1988), in addition to a number of state court decisions, for the principle that a defendant is entitled to an entrapment jury instruction if he has established that the government induced the crime and the he lacked the predisposition to engage in the criminal conduct. The state court also cited a first circuit case for the proposition that a defendant has the burden of demonstrating some evidence that would be sufficient to raise a reasonable doubt that he was an "unwary innocent" rather than an "unwary criminal". United States v. Hernandez, 995 F.2d 307, 313 (1st Cir. 1993). The state court properly relied upon these federal cases to direct what is necessary to entitle a defendant to an entrapment instruction.

In analyzing the facts of this case to the law of entrapment, the state court pointed out that Verrecchia suggested that informant Rossi and the undercover agent's testimony provided sufficient proof that he was entrapped to entitle him to an entrapment instruction. The court disagreed since Rossi testified that petitioner "readily agreed" to sell weapons that he was storing for the criminal enterprise and the agent testified that petitioner "readily agreed to meet with him to discuss the proposed weapons sale." State v. Verrecchia, 766 A.2d at 388. When they met, Verrecchia even asked the undercover agent to be "more specific concerning the weapons he wished to buy because Verrecchia claimed to have a 'coffin' full of weapons to choose from." *Id*. "In this case, the state did no more than merely offer Verrecchia the opportunity to commit a crime." *Id.*

Moreover, as the state court also pointed out, the record indicated that Verrecchia already possessed the weapons even before the "sting" was conceived. "Thus, apart from its role in revealing a preexisting disposition to commit the challenged crimes, the government had nothing whatsoever to do with Verrecchia's possession of the stolen weapons." State v. Verrecchia, 766 A.2d at 388-89. Petitioner was obviously predisposed to possessing stolen property as evidenced by his admission to the undercover agent that he had a "coffin" full of weapons, was wearing a stolen leather jacket and had a bag of stolen jewelry in his vehicle when he was arrested. State v. Verrecchia, 766 A.2d at 389. The evidence in this case did not support a jury instruction on entrapment and the state high court did not unreasonably apply the law to these facts in making that determination.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**Virginia M. McGinn, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

## CERTIFICATION

Pursuant to AP 10 of this Court, effective August, 2006, I hereby certify that on the 5th day of December, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

S. Paul Ryan, spryan@eplaw.necoxmail.com and
Cheryl J. Sturm, sturmcj@aol.com.

/s/ Virginia M. McGinn