UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT VERRECCHIA | : | |
| | : | |
| v. | : | C.A. No. 06-496S |
| | : | |
| JAMES WEEDEN, et al. | : | |

**ORDER**

Pending before the Court for a report and recommendation is Albert Verrecchia's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Document No. 1). The State was ordered (Document No. 2) to file a response to the Petition and it did so in the form of an Objection on December 5, 2006. (Document No. 3). Petitioner, through counsel, filed a "traverse" or reply memorandum on December 15, 2006. (Document No. 6).

Petitioner raises two challenges to his state court conviction and sentence of incarceration. First, he argues violation of his Sixth Amendment right to a speedy trial; and second, he argues denial of a fair trial because the trial justice refused to give an entrapment instruction to the jury in his criminal trial. In his traverse, Petitioner asserts that the State's response does not comply with Rule 5 of the Rules governing § 2254 proceedings and that such failure is "not harmless error." Document No. 6 at p. 1. Petitioner relies particularly on Rule 5(c) and argues that the State did "not attach relevant parts of the transcript" to its response. Id. at p. 3.

Rule 5(c) provides that the State's answer to a § 2254 petition must:

> indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of

> untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

Although the State submitted a lengthy appendix to the Court, the State did not submit any transcript portions and did not technically comply with Rule 5(c). However, given the current posture of this case, it is not a fatal error (i.e., "not harmless error") as argued by Petitioner. This case has not yet been ruled upon, and the record can be expanded if appropriate. The State shall, by April 6, 2007, submit a statement in compliance with Rule 5(c) as well as portions of the transcript, if any, that the State "considers relevant." Thereafter, Petitioner may, by April 13, 2007, move that the Court order the State to file other relevant portions of the transcript, and, in any such motion, Petitioner shall explain why such proposed portions are relevant to the legal issues raised in the Petition.

SO ORDERED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 16, 2007

ENTER:

/s/ Jeannine Noel
JEANNINE NOEL
Deputy Clerk