UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALBERT VERRECCHIA : C.A. No. 06-496S

:

vs :

:

JAMES WEEDEN, et al. :

**MOTION TO COMPEL STATE TO SUPPLY ADDITIONAL TRANSCRIPTS**

Petitioner, by and through his attorneys, moves this Honorable Court for an order directing the Respondents to supply the following transcripts:

1. Transcripts of all hearings referred to by Paul Daly, Esquire, the State's attorney including the hearings held July 31, 1996, August 22, 1996, August 27, 1996, September 4, 1996, September 5, 1996, September 6, 1996, September 7, 1996, September 30, 1996, October 18, 1996, October 21, 1996, November 13, 1996, November 25, 1996, December 4, 1996, December 18, 1996, January 9, 1997, January 17, 1997, January 31, 1997, February 19, 1997, February 21, 1997, February 28, 1997, March 7, 1997, June 24, 1997, August 5, 1997, August 27, 1997, , September 9, 1997, November 19, 1997, November 26, 1997, December 8, 1997, December 15, 1997, January 16, 1998, January 26, 1998, April 16, 1998, May 7, 1998, May 11, 1998, June 15, 1998, June 16, 1998, September 9, 1998, September 11, 1998, November 9, 1998, January 4, 1999, January 12, 1999, .

Petitioner needs the official documents in order to most effectively demonstrate the trial court's findings of fact and conclusions of law are objectively unreasonable. Such

unreasonable findings of fact and conclusions of law include, but are not limited to the following:

(1) The conclusion that "Mr. Verrecchia through his own acts, of his own volition, has taken steps--numerous steps which have impeded the ability of this matter to proceed to trial. [State's Exhibit A at page 126]

(2) The conclusion that "Mr. Verrecchia was, in fact, creating insurmountable obstacles in the matter of proceeding to trial at a date certain. That date being May of 1997, well within the one year period of time from the initial filing of the motion for speedy trial." [State's Exhibit A at page 126].

(3) The conclusion that Mr. Verrecchia had an "aversion of his right to be represented by counsel." [State's Exhibit A at page 127].

(4) The conclusion that "With respect to the reasons for the delay, the Court finds that the defendant, Albert Verrecchia, has been responsible, either through his own actions or through the actions of his attorneys responsible for the almost (sic), if not all of the delay."

The State is required to produce the transcripts under Rule 5 of the Rules Governing Section 2254 habeas corpus petitions in the federal courts.

The motion should be GRANTED.

/s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317
484/771-2000

/s/S.Paul Ryan
S. Paul Ryan
Attorney at Law
Bar ID #2264
670 Willett Avenue
East Providence, R.I. 02915
401-437-0660

**CERTIFICATION**

Pursuant to AP10 of this Court, effective August, 2006, I hereby certify that on the 7th day of May, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney of record:

Virginia M. McGinn
Department of Attorney General
vmcginn@riag.ri.gov

/s/S. Paul Ryan