UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALBERT VERRECCHIA | : | |
| vs. | : | C.A. No. 06-496S |
| JAMES WEEDEN, et al. | : | |

**OBJECTION TO PETITIONER'S MOTION TO COMPEL ADDITIONAL TRANSCRIPTS**

Petitioner has filed a motion to compel additional transcripts for forty-one separate dates. With the exception of the bail hearing[1], those dates represent the dates that this matter was assigned to the trial calendar for pretrial status conferences. He claims to need the "official documents in order to most effectively demonstrate the trial court's findings of fact and conclusions of law are objectively unreasonable." *Petitioner's Motion to Compel*, p. 1. He also claims that the State is "required to produce the transcript under Rule 5 of the Rules Governing Section 2254 habeas petitions in the federal courts." *Petitioner's Motion to Compel*, p. 2.

Initially, it should be noted that contrary to petitioner's assertion otherwise, Rule 5, as well as this Court's Amended Order of April 9, 2007, requires the state to provide the portions of the transcript that it considers relevant in its Rule 5 answer. The state must subsequently provide other portions of the transcript or transcribe and furnish untranscribed recordings, only if the judge so orders. In this case since the untranscribed

[1] Petitioner has not indicated how the transcript of the bail hearing is relevant to their habeas petition relating to a speedy trial and entrapment instruction.

recordings of status conferences, if any[2], were not presented to or considered by the trial justice, they did not factor into his determination on the speedy trial issue and he cannot have unreasonable applied facts that were not presented to him.

The trial calls and status conferences requested by petitioner in his motion to compel preceded the substantive argument on his speedy trial motion, which was argued on January 12, 1999 (previously provided by the state). However, despite that fact, petitioner's trial attorney did not obtain or provide the trial justice with transcripts from those hearings. In a habeas petition, this Court reviews whether a state court decision is "contrary to" federal law, in that it applied an incorrect legal principle or whether it was "unreasonable", in that it "unreasonably" applied the facts ***presented to it***. ***See*** § 2254 (d)(1); Williams v. Taylor, 529 U.S. 362, 386 (2000)("Likewise, the statute in a separate provision provides for the habeas remedy when a state-court decision 'was based on an unreasonable determination of the facts ***in light of the evidence presented in the State court proceeding***.'")(emphasis in original) ***and*** Lopez v. Commonwealth of Massachusetts, 349 F.Supp.2d 109, 118 (D. Mass. 2004)(habeas can only be granted if state court decision was unreasonable in light of the evidence presented in the state court proceeding).

The starting point of a habeas decision is the state court's determination of facts, which are afforded significant deference and will not be overturned unless clearly erroneous. Miller v. Cockrell, 537 U.S. 322, 324 (2003). The review of whether a state

---

[2] While status conferences may take place in open court, often the case is one of dozens placed on the trial calendar for a particular day and after the "call of the calendar", if a conference is requested, the parties adjourn to the chamber of whichever judge is handling the calendar that day and conduct an informal and off the record discussion. It appears that the prosecutor was recounting what occurred on various dates from notes and from the RIJISS printout of the docket.

court decision is "unreasonable" is deferential and not *de novo*. Trigones v. Bissonnette, 296 F.3d 1, 6 (1st Cir. 2002).

> Congress wished to curb delays, to prevent "retrials" on federal habeas, and to give effect to state convictions to the extent possible under law. When federal courts are able to fulfill these goals within the bounds of the law, AEDPA instructs them to do so.

Williams v. Taylor, 529 U.S. at 386.

In contravention of the statute and the applicable caselaw, the petitioner does indeed seem to be attempting to "retry" the speedy trial issue by requesting evidence, if it exists, that was not presented to or considered by the trial justice. He cannot have "unreasonably" applied facts that petitioner chose not to obtain or present below. The heretofore un-requested material had no bearing on the trial justice's findings and do not, therefore, have any bearing upon this Court's review of those findings.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**Virginia M. McGinn, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

CERTIFICATION

Pursuant to AP 10 of this Court, effective August, 2006, I hereby certify that on May 8, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

S. Paul Ryan, spryan@eplaw.necoxmail.com
Cheryl J. Sturm, sturmcj@aol.com.

/s/ Virginia M. McGinn