UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALBERT VERRECCHIA : C.A. No. 06-496S
:
vs :
:
JAMES WEEDEN, et al. :

**RESPONSE TO STATE'S OPPOSITION TO MOTION TO COMPEL PRODUCTION OF TRANSCRIPTS**

Petitioner, by and through his attorneys, submits the following response to the State's objections to strict compliance with Rule 5 of the Rules Governing 2254 Habeas Corpus Petitions.

**I. THE STATE'S RESPONSE DOES NOT COMPLY WITH THE PROVISIONS OF RULE 5 OF THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURT AND THE FAILURE TO COMPLY INTERFERES WITH COURT'S OBLIGATION TO ADJUDICATE THE PETITION FAIRLY AND IMPARTIALLY**

Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts reads, in pertinent part, as follows:

**Rule 5. The Answer and the Reply**

**(a) When Required.** The respondent is not required to answer the petition unless a judge so orders.

**(b) Contents: Addressing the Allegations; Stating a Bar.** The answer must address the allegations in the petition. In addition, it must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity or a statute of limitations.

**(c) Contents: Transcripts.** The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.

**(d) Contents: Briefs on Appeal and Opinions**. The **respondent must** also file with the answer a copy of:

(1) any brief the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post conviction proceeding;

(2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and

(3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

**(e) Reply**. The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.

The State's Response does not indicate what transcripts (of pretrial, trial, sentencing, or post conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The State's Response does not attach transcripts necessary to determine whether the State court's findings of fact are based on testimony or evidence presented in open court on the one hand, or whether the findings of fact are based on the unsworn testimony of the prosecutor which would be impermissible. ***Machibroda vs. United States***, 368 U.S. 487, 493-97, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)[AUSA's sworn statements cannot defeat right to evidentiary hearing], ***United States vs. White***, 366 F3d 291, 300 (4th Cir. 2004)[AUSA's unsworn statements are not evidence], ***United States vs. Kelly***, 790 F2d 130 (DC Cir. 1986)[unsworn statements by AUSA may not be used as substitute for an evidentiary hearing], ***United States vs. Birdman***, 602 F2d 547 (3d Cir. 1979)[prosecutor as witness prohibited by witness/advocate rule].

Footnote 2 of the State's objections reads as follows, "It appears that the prosecutor was recounting what occurred on various dates from notes and from the RIJISS printout of the docket." Judging by the language of the footnote, even the State cannot identify with any degree of certainty the source of the prosecutor's representations. The record indicates the trial judge relied on the prosecutor's unsworn testimony unsworn testimony without requesting support for the representations. It is well-established that the prosecutor's statements should not have been given consideration for any reason except to frame the issues for the evidentiary hearing.

As the record stands, it is evident that the trial judge made a decision to deny the Petitioner's motion to dismiss (for failure to afford a speedy trial) based on nothing more

than the unsworn testimony of the prosecutor. Such a decision is a manifest abuse of discretion because the prosecutor's unsworn testimony is not a substitute for evidence.

The State correctly states that the "starting point" for judicial review of a habeas petition is the state court's determination of the facts. Even so, if the trial judge relied on the unsworn testimony of the prosecutor in arriving at the decision to deny the motion to dismiss the indictment, then the trial court's decision is manifestly arbitrary, capricious, and whimsical because it would not be based on facts developed at an evidentiary hearing or facts that can be confirmed by reference to official records or transcripts.

The motion for production of the transcripts should be GRANTED.

/s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317
484/771-2000

/s/S.Paul Ryan
S. Paul Ryan
Attorney at Law
Bar ID #2264
670 Willett Avenue
East Providence, R.I. 02915
401-437-0660

**CERTIFICATION**

Pursuant to AP10 of this Court, effective August, 2006, I hereby certify that on the 17th day of May, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney of record:

Virginia M. McGinn
Department of Attorney General
vmcginn@riag.ri.gov

/s/S. Paul Ryan