UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ALBERT VERRECCHIA : C.A. No. 06-496S
:
vs :
:
JAMES WEEDEN, et al. :

MOTION TO EXPAND THE RECORD WITH THE ATTACHED DOCUMENTS AND TO SUPPLEMENT REQUEST FOR EVIDENTIARY HEARING AND/OR TAKING OF EVIDENCE BY INTERROGATORIES WITH THE SAME DOCUMENTS

Petitioner, Albert Verrecchia, by and through his attorneys, hereby moves this Honorable Court for leave to expand the record with the attached Exhibits A, B and C. Petitioner further moves this Honorable Court for leave to supplement his request for an evidentiary hearing on his petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254 and/or to take additional evidence by interrogatories with the attached exhibits for the reason set forth below:

(1) Rule 7 of the Rules Governing Section 2254 Cases reads, in pertinent part, as Follows:

> **Rule 7**. **Expanding the Record**
>
> (a) **In General.** If the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials, relating to the petition. The judge may require that these materials be authenticated.
>
> (b) **Types of Materials.** The materials that may be required include letters pertaining to the filing of the petition, documents, exhibits, and answers

> under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record.
> (c) **Review by the Opposing Party.** The judge must give the party against whom the additional materials are offered an opportunity to admit or deny their correctness.

(2) Rule 8 of the Rules Governing Section 2254 Cases reads, in pertinent part:

> **Rule 8 – Evidentiary Hearing.**
>
> **(a) Determining Whether to Hold a Hearing.** If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

(3) Mr. Verrecchia's 2254 petition raises the claim that the state deprived him of his Sixth Amendment right to a speedy trial. In ***Barker vs. Wingo***, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court articulated four factors that must be considered in determining whether the right to a speedy trial has been violated: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant sustained prejudice. No one of the factors constitutes "a necessary or sufficient condition to the finding of a deprivation of the right to a speedy trial. ***Barker***, 407 U.S. at 533. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." The highest Rhode Island state court found that Mr. Verrecchia satisfied factors 1 and 3 of **Barker.** It is Mr. Verrecchia's position that attorney Stephen P. Nugent, (now Judge Nugent) has pertinent information relating to factors 2 and 4 of the **Barker** analysis and that exhibits A, B and C [1]attached hereto should be admitted to the record. Exhibit A is a copy of "Defendant's Motion to Dismiss" dated January 31,

[1] Exhibits A,B and C were brought to the evidentiary hearing held on September 6, 2007 by Mr. Verrecchia's family member and were presented to counsel at the court house.

1997 and filed by Judge. Nugent. Exhibit B is a copy of "Defendant's Motion to Set Bail" dated January 31,1997 and filed by Judge Nugent. Exhibits A and B, combined, present a complaint that the state has failed to comply with the mandatory discovery provisions ; that the defendant has not contributed to the delay; the defendant has been prejudiced in his defense.. Exhibit C is an Order filed in the Superior Court of Rhode Island on February 7, 1997 that grants bail to Mr. Verrecchia on count 292 of his indictment. The same order denies Mr. Verrecchia's motion to dismiss "based upon the state's representation that the outstanding discovery including the original response to the defendant's request for discovery and inspection and all supplemental responses and grand jury tapes shall be delivered to defendant within the next Seventy-two hours." (Exhibit C). Mr. Verrecchia believes that Judge Nugent would testify in person or in response to interrogatories that the state continued to delay in turning over the discovery necessary to present a defense.

WHEREFORE, Petitioner moves this Honorable Court for leave to Expand the Record with Exhibits A, B and C. Petitioner moves this Honorable Court for an evidentiary hearing to take the testimony of Judge Nugent or, in the alternative, to take his testimony by interrogatories.

Dated: September 10, 2007 Respectfully submitted,

/s/Cheryl J. Sturm
Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317
484/771-2000

/s/S.Paul Ryan

S. Paul Ryan
Attorney at Law
Bar ID #2264
670 Willett Avenue
East Providence, R.I. 02915
401-437-0660

**CERTIFICATION**

Pursuant to AP10 of this Court, effective August, 2006, I hereby certify that on the 11th day of September, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney of record:

Virginia M. McGinn
Department of Attorney General
vmcginn@riag.ri.gov

/s/S. Paul Ryan