**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALBERT VERRECCHIA** | : | |
| | : | |
| **v.** | : | **C.A.: 06-496S** |
| | : | |
| **JAMES WEEDEN, ET AL** | : | |

**OBJECTION TO PETITIONER'S MOTION TO EXPAND THE RECORD AND TO TAKE ADDITIONAL EVIDENCE**

Now comes the State of Rhode Island and objects to petitioner's "Motion to Expand the Record with the Attached Documents and to Supplement Request for Evidentiary Hearing and/or Taking of Evidence by Interrogatories with the same Documents". In support of this objection, the state relies upon the accompanying memorandum.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**Virginia M. McGinn, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August, 2006, I hereby certify that on the 13th day of September, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

S. Paul Ryan, spryan@eplaw.necoxmail.com and
Cheryl J. Sturm, sturmcj@aol.com.

/s/ Virginia M. McGinn

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **ALBERT VERRECCHIA** | : | |
| | : | |
| **v.** | : | **C.A.: 06-496S** |
| | : | |
| **JAMES WEEDEN, ET AL** | : | |

**<u>MEMORANDUM IN SUPPORT OF OBJECTION TO PETITIONER'S MOTION TO EXPAND THE RECORD AND TO TAKE ADDITIONAL EVIDENCE</u>**

Petitioner has filed a motion to expand the record and to take additional evidence attendant to his objection to the Magistrate Judge's Report and Recommendation in this matter. The state objects for the same reason it objected to a prior motion to compel additional transcripts; namely, the trial justice could not have unreasonably applied facts that were not presented to him when he initially ruled upon Verrecchia's motion for a speedy trial.

In a habeas petition, this Court reviews whether a state court decision is "contrary to" federal law, in that it applied an incorrect legal principle or whether it was "unreasonable," in that it "unreasonably" determined the facts in light of the evidence presented to it. *See* 28 U.S.C. §2254 (d)(1) *and* <u>Williams v. Taylor</u>, 529 U.S. 362, 386 (2000)("Likewise, the statute in a separate provision provides for the habeas remedy when a state-court decision 'was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*.'")(emphasis in original). The standard on habeas review is deferential and not *de novo*. <u>Trigones v. Bissonnette</u>, 296 F.3d 1, 6 (1st Cir. 2002).

Moreover, all of the documents and further requests for discovery or evidence relate to petitioner's representation by Attorney Stephen Nugent, who is now a Superior Court Justice. Attorney Nugent actually only represented Verrecchia for eight months before filing a motion to withdraw. He was appointed on November 12, 1997, after Verrecchia moved to release his first attorney for lack of funds, after four and half months, and then another attorney became ill.

Before filing his motion to withdraw on July 10, 1997,[1] Attorney Nugent did file numerous motions, some of which are mentioned by petitioner. One of the motions that petitioner chose not to mention was a motion for a continuance that was filed along with approximately twelve other motions on May 1, 1997. Although Attorney Nugent's motion to withdraw to pursue other career options may have been through no fault of Verrecchia's, it was also not attributable to the state and was, at the very least, a valid reason for delay. And again before he withdrew, Attorney Nugent filed a motion for a continuance in this case.

The state refuted the only two specific discovery "violations"[2] that petitioner mentioned in his objection to the Report and Recommendation, and also last week during

[1] Of petitioner's subsequent four attorneys, who represented him from August of 1997 through trial, he filed disciplinary complaints against two. And, he alleged another sexually assaulted him and made a lewd proposition at a meeting at the prison on the eve of trial.

[2] The only specific claims of discovery failures at the hearing on the speedy trial matter, and mentioned by petitioner in his objection to the Report and Recommendation, were fingerprint evidence and a tape. The state responded to the allegation of the fingerprint evidence that petitioner had all the documents in the state's possession and a stipulation was agreed upon by the state and peitioner's counsel, after consultation with Verrecchia, that there was no fingerprint evidence. And the tape was always available for viewing or listening, as indicated in the state's response to discovery, and the trial justice found that the failure of petitioner to take advantage of that opportunity did not create a discovery violation on the state's part.

the hearing, as the reason for delay in this case. Now, petitioner attempts to assert a more general basis for his claim that the state was responsible for the delay in this matter. As the Magistrate Judge described the earlier attempt to supplement the record with transcripts from the pretrial hearings in footnote 2 of his Report and Recommendation, "this appears to be nothing more than an eleventh-hour effort to create arguments never presented to the Superior Court or RISC."

For these reasons, the State objects to the most recent motion of Verrecchia and requests that the motion be denied.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By Its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/ Virginia M. McGinn
**Virginia M. McGinn, #4525**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August, 2006, I hereby certify that on the 13th day of September, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system. Service was accomplished by transmission of the Notice of Electronic Filing generated by the ECF system to the following attorney(s) of record:

S. Paul Ryan, spryan@eplaw.necoxmail.com and
Cheryl J. Sturm, sturmcj@aol.com.

/s/ Virginia M. McGinn